IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| E.V. DRAKE *a/k/a Eric Drake*, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:20-00353-KD-N |
| | ) |
| GOVERNMENT EMPLOYEES | ) |
| INSURANCE COMPANY, *et al.*, | ) |
|     Defendants. | ) |

## REPORT AND RECOMMENDATION

This action is before the Court *sua sponte* on review of the first amended complaint (Doc. 4) filed by Plaintiff E.V. Drake a/k/a Eric Drake, who is proceeding without counsel (*pro se*).[1] The pleading asserts causes of action against several artificial entity defendants arising out of an automobile accident he suffered in Dallas, Texas, on or about July 12, 2018, while leaving a Sam's Club business. These

---

[1] As the Court previously noted (*see* Doc. 7), under Federal Rule of Civil Procedure 15(a)(1)(B), a plaintiff can amend his complaint "once as a matter of course within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Because Drake filed his first amended complaint before any defendant served an answer or Rule 12 motion, that pleading was properly filed as a matter of course. Accordingly, Drake's first amended complaint (Doc. 4) supersedes his initial complaint (Doc. 1) and is now the operative pleading in this action. *See Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) (per curiam) ("As a general matter, '[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.' " (quoting *Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V OLYMPIA VOYAGER*, 463 F.3d 1210, 1215 (11th Cir. 2006) (citation and quotation omitted)); *Fritz v. Standard Sec. Life Ins. Co. of New York*, 676 F.2d 1356, 1358 (11th Cir. 1982) ("Under the Federal Rules, an amended complaint supersedes the original complaint.").

    However, because amendment as a matter of course is only permitted once, any further amendments to the complaint can be made "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

include claims against a personal injury law firm, Charles M. Noteboom, P.C., that represented Drake in litigation arising out of the accident.

Generally, a "civil action may be brought in-- (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

Venue in this Court is not proper under § 1391(b)(1), as most of the defendants cannot be said to reside in Alabama. "For all venue purposes[,] an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question…" 28 U.S.C. § 1391(c)(2). "A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State. Specific jurisdiction, on the other hand, depends on an affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (citation and quotations omitted). Here, nothing in the first amended

complaint suggests that any of the defendants are subject to general personal jurisdiction in Alabama,[2] and liability for most of the defendants arises out of activities occurring in Texas, thus precluding Alabama's exercise of specific jurisdiction over them as well. Given that the underlying accident and related resulting activities occurred in Texas, it appears far more likely that the defendants are all subject to at least specific personal jurisdiction in Texas.

Venue is also not proper under § 1391(b)(2), as it appears that substantially all of the events giving rise to Drake's claims occurred in Texas, with little, if any, relevant activity occurring in Alabama. Moreover, since Texas appears to be a proper venue under both §§ 1391(b)(1) and (b)(2), venue for this case cannot be based on § 1391(b)(3).

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." However, generally a " 'plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations.' " *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996) (quoting *Howell v. Tanner*, 650 F.2d 610, 616 (5th Cir. Unit B July 1981)[3]). This case's only

---

[2] "*Goodyear* made clear that only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there … With respect to a corporation, the place of incorporation and principal place of business are paradigm bases for general jurisdiction. Those affiliations have the virtue of being unique—that is, each ordinarily indicates only one place—as well as easily ascertainable. []*Goodyear* did not hold that a corporation may be subject to general jurisdiction only in a forum where it is incorporated or has its principal place of business; it simply typed those places paradigm all-purpose forums." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).

[3] On "October 1, 1981 pursuant to the Fifth Circuit Court of Appeals

apparent connection to this district is that Drake resides here. On the other hand, as explained above, this district does not appear at all to be an appropriate venue under § 1391(b), and it is highly doubtful that this Court has personal jurisdiction over, and thus the authority to enter judgment against, most of the defendants in this case, thus creating a substantial probability of a challenge to personal jurisdiction and/or venue under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3), respectively. Moreover, since practically all relevant activity giving rise to Drake's claims occurred in Texas, the lion's share of witnesses and other relevant evidence are likely to be located there. The undersigned finds that these considerations clearly outweigh Drake's choice of forum in this action, and that a transfer of venue is appropriate under § 1404(a) in the interest of justice.[4]

As the 2018 car wreck occurring in Dallas appears to be the primary precipitating factor for this lawsuit, the undersigned finds that the Northern

---

Reorganization Act of 1980, P.L. 96-452, 94 Stat. 1995, … the United States Court of Appeals for the Fifth Circuit was divided into two circuits, the Eleventh and the 'new Fifth.' " *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc). "The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981." *Smith v. Shook*, 237 F.3d 1322, 1325 n.1 (11th Cir. 2001) (per curiam).

[4] "There is a long-approved practice of permitting a court to transfer a case *sua sponte* under the doctrine of *forum non conveniens*, as codified at 28 U.S.C. § 1404(a), but only so long as the parties are first given the opportunity to present their views on the issue.*" Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011) (quotations omitted). The Eleventh Circuit has held that, "[b]efore transferring *sua sponte* under section 1404(a), the judge should, at minimum, issue an order to show cause why the case should not be transferred, and thereby afford the parties an opportunity to state their reasons." *Id.* (quotation omitted). Because, as explained later, Drake will be given an opportunity to object to this Report and Recommendation, he will therefore have an opportunity to state any reasons he believes this case should not be transferred.

District of Texas, which encompasses that city, *see* 28 U.S.C § 124(a)(1), is most appropriate. The undersigned further finds the decision of whether to permit Drake to proceed with this lawsuit without prepayment of fees and costs under 28 U.S.C. § 1915 should also be left to the transferee court.

In accordance with the foregoing analysis, and pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72(b)(1), and S.D. Ala. GenLR 72(a)(2)(S), the undersigned **RECOMMENDS** that this case be **TRANSFERRED** under 28 U.S.C. § 1404(a) to the Dallas Division of the U.S. District Court for the Northern District of Texas.[5]

**DONE** this the 25th day of September 2020.

/s/ *Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[5] In his objections (Doc. 6) to the previous, now-withdrawn Report and Recommendation (Doc. 3), which also recommended transfer of this case to the Northern District of Texas based on review of his initial complaint (Doc. 1), Drake opposed transfer but also stated he "would rather the Court to dismiss [his case] without prejudice rather than transfer the case." (Doc. 6, PageID.194). If Drake still feels this way in light of this Report and Recommendation, he may, within the time to object, dismiss this case himself by filing a notice of voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i) ("[T]he plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment…"), which will be effective immediately upon filing. *See Matthews v. Gaither*, 902 F.2d 877, 880 (11th Cir. 1990) (per curiam) ("It is well established that Rule 41(a)(1)[] grants a plaintiff an unconditional right to dismiss his complaint by notice and without an order of the court at any time prior to the defendant's service of an answer or a motion for summary judgment. The dismissal is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is required." (citations omitted)). If he still wishes to oppose transfer, he may also, as an alternative request, move for dismissal of this case under Federal Rule of Civil Procedure 41(a)(2) ("Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."), though such a motion will be subject to the Court's discretion.

Case 1:20-cv-00353-KD-N   Document 10   Filed 09/25/20   Page 6 of 6   PageID #: 209

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1*,* "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.